T. Jason Wood, Esq., ISB #5016
Richard A. Hearn, Esq., ISB #5574
HEARN & WOOD, LLP
1906 Jennie Lee Dr.
Idaho Falls, ID   83404
Telephone: (208) 497-0400
Fax: (208) 932-4380
Email: jason@hwlawpro.com
Email: rick@hwlawpro.com

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SCOTT HANSON,<br><br>    Plaintiff,<br><br>v.<br><br>BLAINE COUNTY, GENE D. RAMSEY, GOODING COUNTY, SHAUN GOUGH, IDAHO DEPARTMENT OF CORRECTIONS, KEVIN WAYT, WILLIAM SHUBERT, JESUS GONZALEZ, JUDITH PETERSON, and JOHN DOES I - X,<br><br>    Defendants. | Case No.<br><br>COMPLAINT AND<br>DEMAND FOR JURY TRIAL |

PLAINTIFF, SCOTT HANSON, for cause of action against the above-named Defendants alleges as follows:

1.      This is an action for money damages and declaratory relief arising under 42 U.S.C. §1983, under the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, and

under the common law of the State of Idaho and Idaho Tort Claims Act, Title 6, Chapter 9, Idaho Code.

2. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. §1331, and 28 U.S.C. §§1343(a)(3) and 1343(a)(4) which confer original jurisdiction in suits to redress the deprivation, under color of state law, of constitutional rights, civil rights, and other rights, privileges, and immunities. Additionally, 28 U.S.C. §1367(a) confers supplemental jurisdiction on this Court to hear Plaintiff's claims arising under the law of the State of Idaho and Idaho Tort Claims Act, because such claims are sufficiently related to claims in this action within this Court's original jurisdiction that they form part of the same case and controversy under Article III of the United States Constitution.

3. Venue is proper under 28 U.S.C. §1391(b) because all of the events, actions, and omissions occurred in the judicial district of Idaho.

4. Plaintiff, all times material hereto, was and is a resident of Sun Valley, Blaine County, Idaho.

5. Defendant Blaine County, at all times material hereto, was and is a political subdivision of the State of Idaho acting pursuant to established county policies, procedures, customs, patterns and practices.

6. At all times material hereto defendant Gene D. Ramsey was the duly elected Sheriff of Blaine County, Idaho, acting under color of Idaho law and within the course and scope of his employment as Sheriff of Blaine County, in his individual capacity within the meaning of 42 U.S.C. §1983 as it pertains to claims brought thereunder for money damages.

7. Defendant Gooding County, at all times material hereto, was and is a political subdivision of the State of Idaho acting pursuant to established county policies, procedures, customs, patterns and practices.

8. At all times material hereto, defendant Shaun Gough was the duly elected Sheriff of Gooding County, Idaho, acting under color of Idaho law and within the course and scope of his employment as Sheriff of Gooding County, in his individual capacity within the meaning of 42 U.S.C. §1983 as it pertains to claims brought thereunder for money damages.

9. Defendant Idaho Department of Corrections, at all times material hereto, was and is a political subdivision of the State of Idaho acting pursuant to established State policies, procedures, customs, patterns and practices.

10. Defendant Kevin Wayt was, at all times material hereto, a duly appointed Parole Officer, acting in his individual capacity within the course and scope of his employment with defendant Idaho Department of Corrections.

11. Defendant William Shubert was, at all times material hereto, a duly appointed Corporal, acting in his individual capacity within the course and scope of his employment with defendant Gooding County.

12. Defendant Jesus Gonzalez was, at all times material hereto, a duly appointed Officer, acting in his individual capacity within the course and scope of his employment with defendant Gooding County.

13. Defendant Judith Peterson was, at all times material hereto, a registered nurse, acting in her individual capacity within the course and scope of her employment with defendant Blaine County.

14. Defendants John Does I through X are and were, at all times relevant to this Complaint, duly appointed deputies, jail guards, agents, employees, health-care providers and/or officers of defendants Blaine County and Gooding County, acting under color of Idaho law and within the course and scope of their respective employment/agency and in their respective individual capacities within the meaning of 42 U.S.C. §1983.

15. Plaintiff does not know the true names or identities of the defendants named herein as John Does I through X and therefore pray leave to amend this Complaint to substitute their names herein when their names and identities are ascertained.

16. Plaintiff was arrested on or about September 19, 2014 for an alleged parole violation.

17. At the time of Plaintiff's arrest, he informed defendant Kevin Wayt that he had recently undergone surgery on his right eye and required prescription eye drops. Defendant refused to allow Plaintiff to bring the eye drops to jail with him.

18. Plaintiff informed Blaine County jail employees upon booking that he required eye drops.

19. Plaintiff was transferred to Gooding County jail on or about September 22, 2014 and informed jail employees, including Cpl. William Shubert and Officer Jesus Gonzalez, that he required eye drops.

20. Plaintiff was then transferred back to Blaine County Jail and requested medical treatment for his eye because his vision was deteriorating. After six days of incarceration, Plaintiff received the prescription eye drops.

21. Plaintiff repeatedly conveyed the aforesaid serious medical condition and needs to the defendants.

22. The defendants, and each of them, had actual knowledge and were personally aware of Plaintiff's aforesaid serious medical needs.

23. Nevertheless, the defendants were deliberately indifferent to Plaintiff's medical condition and needs by, *inter alia,* repeatedly refusing and continuing to refuse prescription eye drops and failure to give him timely necessary medical attention for the treatment of Plaintiff's right eye, in order to avoid the associated costs and expenses.

24. As a direct and proximate result of the failure of Defendants to provide Plaintiff with his medication, Plaintiff experienced retinal detachment in his right eye. It was necessary for Plaintiff to have two surgical procedures to repair his retina. However, Plaintiff has lost vision in his right eye which appears to be permanent.

25. Defendants Blaine County, Gene D. Ramsey, Gooding County, Shaun Gough, Idaho Department of Corrections, Kevin Wayt, William Shubert, Jesus Gonzalez, Judith Peterson, and John Does I-X, or some of them, failed to properly, train, supervise, direct, and/or control the defendant staff responsible to maintain Plaintiff's health and safety.

26. Defendants Blaine County and Gooding County had an official policy or custom of deliberate indifferent to its detainees' serious health and medical needs of the kind it exhibited toward Plaintiff as alleged above, by virtue of their repeated constitutional violations of such kind and/or approval and ratification thereof, its failure to adopt or implement departmental policies, rules, or regulations governing the proper care of detainees in such serious medical need, and its

failure to properly train or supervise defendants its deputy sheriffs engaging in such constitutional violations.

27. As a direct and proximate result of the Defendants' unlawful conduct as alleged above, Plaintiff suffered severe and permanent disability, impairment, physical, mental and emotional pain, suffering, anguish, distress, and loss of enjoyment of life, requiring past and future medical treatment and assistance and causing him to incur the cost and expense therefor, and causing Plaintiff to suffer such and other substantial general and special damages, both past and future, to an extent and in such amounts to be proven at trial.

28. The defendants' misconduct and policies as alleged above were malicious, wanton, oppressive, and/or in reckless disregard of Plaintiff's federally protected rights, for which he is entitled to an award of punitive damages under 42 U.S.C. §1983.

29. The defendants knew or should have known that their actions as alleged above not only created an unreasonable risk of harm to Plaintiffs and others, but involved a high degree of probability that such harm would actually result. Consequently, the defendants' misconduct constitutes willful or reckless conduct within the meaning of Idaho Code §6-1603(4)(a), thereby removing any statutory limitations under Idaho law on Plaintiffs' recovery for their noneconomic damages herein.

30. The defendants' misconduct and policies as alleged above constitute gross negligence and/or reckless, willful and wanton conduct within the meaning of Idaho Code §6-904C.

31. The defendant's misconduct as alleged above was oppressive, fraudulent, malicious and/or outrageous within the meaning of Idaho Code § 6-1604(1), as it constituted an extreme

deviation from reasonable standards of conduct and was performed with an understanding of or disregard for its likely consequences. Plaintiff therefore reserves the right to request leave of Court to amend this amended complaint to add a prayer for punitive damages pursuant to Idaho Code § 6-1604(2).

32. Plaintiff timely filed a Notice of Tort Claim on the defendants on or about October 31, 2014, in compliance with Idaho Code §6-901, *et. seq.,* which claim was denied.

33. Pursuant to Idaho Code §28-22-104, Plaintiff is entitled to recover prejudgment interest from the defendants on his special damages due from the date such damages and losses were incurred until judgment is entered by the Court as prayed in this Complaint.

34. Pursuant to 28 U.S.C. §1988, Idaho Code §§12-120 and/or 12-121, Plaintiff is entitled to recover his reasonable attorney fees incurred in this matter.

35. Plaintiff's legal remedies are inadequate, the defendants continue to cause Plaintiff to suffer substantial and immediate injuries, and Plaintiff will continue to suffer such injuries if an injunction is not granted.

36. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff prays for the following judgment and relief against the Defendants as follows:

1. For a judicial declaration that the Defendants' conduct and policies were in violation of Plaintiff's rights secured by the United States Constitution.

2. For preliminary and permanent injunctive relief requiring Defendants to provide and care for Plaintiff's serious medical needs as set forth above.

3. For an award of special damages, including but not limited to past and future medical expenses, in amounts to be proven at trial.

4. For an award of general damages for, *inter alia,* Plaintiff's physical, mental, and emotional pain, suffering and anguish, permanent impairment and disability, and loss of enjoyment of life, in amounts to be proven at trial.

5. For an award of reasonable attorney fees.

6. For costs incurred in prosecuting this action.

DATED this 16th day of September, 2016.

HEARN & WOOD, LLP

By: /s/
T. Jason Wood

J:\TJW\4146 HANSON\PLEADINGS\001 Complaint.docx