UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SCOTT HANSON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>BLAINE COUNTY; GENE D. RAMSEY; GOODING COUNTY; SHAUN GOUGH; IDAHO DEPARTMENT OF CORRECTIONS; WILLIAM SHUBERT; JESUS GONZALEZ; JUDITH PETERSON; and JOHN DOES 1-X,<br><br>　　　　Defendants. | Case No. 1:16-cv-00421-BLW<br><br>MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

Before the Court is Defendants William Shubert and Jesus Gonzalez's Motion for Reconsideration (Dkt. 146). The Defendants ask the Court to reconsider its prior decision denying Defendants' Motion for Summary Judgment (Dkt. 82) on the basis of qualified immunity. The motion is fully briefed and at issue. For the reasons that follow, the Court will deny Defendants' motion.

## LEGAL STANDARD

A motion to reconsider an interlocutory ruling, such as the denial of a motion for summary judgment, requires an analysis of two important principles:

(1) An error must be corrected; and (2) Judicial efficiency demands forward progress. The former principal has led courts to hold that a denial of a motion to dismiss or for summary judgment may be reconsidered at any time before final judgment. *Preaseau v. Prudential Insurance Co.*, 591 F.2d 74, 79–80 (9th Cir.1979). While even an interlocutory decision becomes the "law of the case," it is not necessarily carved in stone. Justice Oliver Wendell Holmes concluded that the "law of the case" doctrine "merely expresses the practice of courts generally to refuse to reopen what has been decided, not a limit to their power." *Messinger v. Anderson*, 225 U.S. 436, 444, 32 S.Ct. 739, 56 L.Ed. 1152 (1912). "The only sensible thing for a trial court to do is to set itself right as soon as possible when convinced that the law of the case is erroneous. There is no need to await reversal." *In re Airport Car Rental Antitrust Litigation*, 521 F.Supp. 568, 572 (N.D.Cal.1981) (Schwartzer, J.).

The need to be right, however, must co-exist with the need for forward progress. A court's opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D.Ill.1988). Courts have distilled various grounds for reconsideration of prior rulings into four major grounds for justifying reconsideration: (1) the motion is necessary to correct manifest errors of law or fact; (2) the moving party presents newly discovered or previously
**MEMORANDUM DECISION AND ORDER - 2**

unavailable evidence; (3) the motion is necessary to prevent manifest injustice; or (4) there is an intervening change in the law. *See Louen v. Twedt*, 2007 WL 915226 (E.D.Cal. March 26, 2007). *See also Turner v. Burlington North. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (applying the same standard in the context of a Rule 59(e) motion). If the motion to reconsider does not fall within one of these categories, it must be denied.

## ANALYSIS

Defendants ask the Court to reconsider its earlier denial of their motion for summary judgment in order to prevent manifest injustice. Dkt. 146-1 at 3. Mr. Shubert and Mr. Gonzalez then argue this Court should consider intervening Supreme Court precedent when determining whether Defendants William Shubert and Jesus Gonzalez are protected by qualified immunity, and therefore entitled to summary judgment on Plaintiff's claims.

1. **No Intervening Change in the Law**

First, The Defendants point the Court to the Supreme Court's recent decision in *City of Escondido, Cal. v. Emmons*, 139 S.Ct. 500 (2019) as justification for their motion to reconsider. While, Defendants do not directly argue that *Escondido* is a change of controlling law, they do intimate that *Escondido* sufficiently altered the landscape to warrant reconsideration. Defendants argue this Court applied an overly-generalized standard in its denial of their summary judgment motion, and

should re-consider its ruling "to ensure conformity with the standards set for judgments on qualified immunity." Dkt. 146-1 at 3. Defendants stress that *Escondido* reiterated that for purposes of qualified immunity, "the clearly established right must be defined with specificity" and "repeat[ed] its holding from *Kisela [v. Hughes, ___ U.S. ___, 138 S.Ct. 1148 (2018)*]." Dkt. 146-1 at 5. As Defendants themselves point out, *Escondido* did not change the standard a district court should apply when considering a question of qualified immunity. Therefore, the Court will determine if reconsideration is warranted "to prevent manifest injustice."

### 2. Qualified Immunity

Defendants Shubert and Gonzalez ask the Court to reconsider its July 9, 2018 decision denying their motion for summary judgment (Dkt. 82). The Court denied Defendants' motion because there were genuine issues of material fact as to whether Defendants violated a constitutional right that was clearly established at the time of the challenged conduct. In its decision the Court fully addressed whether these defendants were protected by the doctrine of qualified immunity. *Id.* at 17-19.

First, the Court found a genuine issue of material fact existed as to whether Defendants Shubert and Gonzalez were "deliberately indifferent" to Plaintiff's "serious medical needs" while he was in their custody, thus constituting a violation

**MEMORANDUM DECISION AND ORDER - 4**

of the Eighth Amendment of the U.S. Constitution and making them subject to a claim under 42 USC § 1983. Dkt. 82 at 9-13. Specifically, the Court found that:

> [g]iven Mr. Hanson's version of the events described above, a reasonable juror could find that Defendants Shubert and Gonzalez was deliberately indifferent in delaying or failing to provide Mr. Hanson with access to medical care. Determining whether they are entitled to qualified immunity is entirely dependent on the resolution of these disputed facts.

Dkt. 82 at 18.

Second, the Court found that long-standing Ninth Circuit precedent clearly established that prison officials could not intentionally deny or delay prisoners' access to medical care. *Clement v. Gomez*, 298 F.3d 898, 906 (9th Cir. 2002); *see also Prewitt v. Roos,* 160 F. App'x 609, 611 (9th Cir. 2005) (finding that a prison official's refusal to follow a doctor's prescription for a prisoner-patient has been clearly established as deliberate indifference since 1999). This longstanding case law was more than sufficient to put Defendants Shubert and Gonzalez on notice that it would be unlawful to deny Mr. Hanson access to medical care—here, his prescribed eye medication—and that they would be subject to liability under § 1983 for their failure to do so. Because there was a genuine issue of material fact concerning whether Defendants Shubert and Gonzalez should be entitled to qualified immunity, the Court denied their motion for summary judgment. *Ibid* (citing *Lolli v. County of Orange,* 351 F.3d 410, 421 (9th Cir. 2003) (denying

qualified immunity to defendant officers because of the relevant factual disputes identified by plaintiff)).

Defendants have not convinced the Court there would be a "manifest injustice" if it leaves its summary judgment order in place. The heart of Defendants' motion to reconsider is the argument that "[t]he Court misapplied the relevant standard in is [*sic*] denial of qualified immunity in its decision on summary judgment." Dkt. 146-1 at 6. Defendants believe that the Court "needed to identify cases with particularized facts to show that the Defendants' acts were clearly unlawful" to deny them qualified immunity at the summary judgment stage. *Id.* at 7.

Although the Supreme Court has emphasized the importance of specificity in recent opinions, all cases Defendants cite in support of their motion to reconsider arose in the Fourth Amendment context, where "specificity is especially important." *Kisela v. Hughes,* 138 S. Ct. 1148, 1152 (2018). As the Supreme Court has pointed out, "general statements of the law are not inherently incapable of giving fair and clear warning to officers." *Id.* If case law gave reasonable warning that the conduct at issue violated constitutional rights, the "clearly established" requirement is met. *Hope v. Pelzer*, 536 U.S. 730, 739-40 (2002).

The Ninth Circuit stated that "[t]he right to have prison officials not be deliberately indifferent to serious medical needs is a sufficiently particularized

**MEMORANDUM DECISION AND ORDER - 6**

right for the purposes of the qualified immunity analysis." *Woods v. Carey*, 488 Fed. Appx. 194, 197 (9th Cir. 2012) (citations omitted). The Ninth Circuit has held that it is clearly established that prison officials cannot intentionally deny or delay prisoners' access to medical care. *Clement*, 298 F.3d at 906. To define the right at issue more narrowly and include all the particular facts of this case would allow defendants to define away potential claims. *Kelley v. Borg*, 60 F.3d 664, 667 (9th Cir. 1995). Thus, the Court's characterization of Mr. Hanson's right in its decision (Dkt. 82) was sufficiently specific for the qualified immunity analysis and did not work a "manifest injustice" against Defendants.

## ORDER

**IT IS ORDERED:**

1. Defendants' Motion for Reconsideration (Dkt. 146) is **DENIED**.

DATED: September 19, 2019

B. Lynn Winmill
U.S. District Court Judge