UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SCOTT HANSON,<br><br>                Plaintiff,<br><br>     v.<br><br>BLAINE COUNTY; GENE D. RAMSEY; GOODING COUNTY; SHAUN GOUGH; IDAHO DEPARTMENT OF CORRECTIONS; WILLIAM SHUBERT; JESUS GONZALEZ; JUDITH PETERSON; and JOHN DOES 1-X,<br><br>                Defendants. | Case No. 1:16-cv-00421-BLW<br><br>MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

Before the Court is Defendants William Shubert and Jesus Gonzalez's Motion in Limine to Exclude Medical Records, and Motion for Rule 37(c) Sanctions (Dkt. 150). Defendant Judith Peterson joined these motions (Dkt. 153). The Defendants seek to exclude: 1) Prescription records from 2014 (Dkt. 150-2 at 7-8); 2) Medical records from the University of Utah Moran Eye Center generated in August, 2016 and June, 2018 (Dkt. 150-2 at 18-26); 3) Medical records from Southern Idaho Ophthalmology generated in April, 2019 (Dkt. 150-2 at 27-31); and 4) Medical records from the Moran Eye Center generated in May and June,

**MEMORANDUM DECISION AND ORDER - 1**

2019 (Dkt. 150-2 at 9-17). Defendants also request attorneys' fees related to these motions as sanctions under Rule 37(c)(1) for failure to disclose information under Rule 26(e). The Court orally ruled on these motions during a conference with all counsel on September 19, 2019. This Memorandum and Order is filed to clarify and support the Court's oral ruling. For the reasons that follow, the Court will grant in part and deny in part the Defendants' Motions.

## LEGAL STANDARD

A motion *in limine* is a procedural mechanism to limit in advance testimony or evidence in a particular area. *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009). Courts have "wide discretion" in considering and ruling upon a motion *in limine*. *Trichler v. Co. of Lake*, 358 F.3d 1150, 1155 (9th Cir. 2004). The Federal Rules of Civil Procedure require parties to provide to other parties "the name ... of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses." Fed.R.Civ.P. 26(a)(1)(A)(i). And, "[a] party who has made a disclosure under Rule 26(a) ... must supplement or correct its disclosure" in a "timely manner if the party learns that in some material respect the disclosure ... is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." *Id.* R. 26(e). A party that does not timely update its discovery under Rule

26 may not use the substance of the discovery response to supply evidence at a trial "unless the failure was substantially justified or is harmless." Id. R. 37(c)(1); *Yeti by Molly Ltd. V. Deckers Outdoor Corp.*, 259 F.3d 1101, 1105 (9th Cir. 2001). The party seeking to introduce the discovery must prove harmlessness. *Yeti by Molly,* 259 F.3d at 1107.

## ANALYSIS

### 1. The 2014 Prescription Records

On August 16, 2019 the Plaintiff sent a supplemental discovery response to Defendants, which included two prescription slips from Southern Idaho Ophthalmology and corresponding receipts from Chateau Drug Center. Dkt. 150-2 at 7-8. The prescription records were generated in August, 2014. They were not produced prior to the Plaintiff's supplemental response.

As Plaintiff acknowledges, these records should have been included as part of the initial disclosures. They were clearly not timely supplemented. Defendants contend that these records should have been produced much earlier and are harmful to Defendants. *Def.'s Mem.* at 6, Dkt. 150-1. Plaintiff argues that these records do not introduce new information, but only confirm testimony to be offered at trial. *Pl.'s Resp.* at 2, Dkt. 151. The Plaintiff has not met his burden of proving that the 2014 prescription records are harmless. As such the Court will grant Defendants' motion as to these records.

## 2. The 2016 Medical Records

Plaintiff also sent defendants medical records from the University of Utah Moran Eye Center, which were generated in August, 2016 (Dkt. 150-2 at 21-26). Like the 2014 records, these medical records have been in existence since well before the close of discovery, and were not produced. The Plaintiff does not address Defendants' argument to exclude these records in his response. *See Pl.'s Resp.*, Dkt. 151. As such he has not shown that these records are harmless. Accordingly, the Court will grant Defendants' motion as to these records.

## 3. The 2018 Medical Records

In his supplemental response, Plaintiff also produced medical records from the Moran Eye Center generated in 2018. Dkt. 150-2 at 18-20. The Court previously granted Defendants' motion to exclude these records in March, 2019. Dkt. 126. Accordingly the Court will grant Defendants' motion as to these records.

## 4. The 2019 Medical Records

Finally, Plaintiff produced medical records from Southern Idaho Opthamology generated in April 2019 (Dkt. 150-2 at 27-31), and records from the Moran Eye Center generated in May and June 2019 (Dkt. 150-2 at 9-17). These records were not in existence at the close of discovery. Further, these records were provided to Defendants within a few months of coming into existence.

Accordingly, the Court finds that these records were timely produced. As such the Court will deny Defendants' motion to exclude these records.

## ORDER

In accordance with the Memorandum Decision set forth above, NOW THEREFORE IT IS HEREBY ORDERED, that:

1. Defendants' Motion in Limine to Exclude Medical Records (Dkt. 150) is GRANTED in part and DENIED in part as described above.

2. Defendants' Motion for F.R.C.P. 37(c) Sanctions (Dkt. 150) is DENIED.

DATED: September 20, 2019

_____
B. Lynn Winmill
U.S. District Court Judge