UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SCOTT HANSON,<br><br>                Plaintiff,<br><br>     v.<br><br>BLAINE COUNTY; GENE D. RAMSEY; GOODING COUNTY; SHAUN GOUGH; IDAHO DEPARTMENT OF CORRECTIONS; WILLIAM SHUBERT; JESUS GONZALEZ; JUDITH PETERSON; and JOHN DOES 1-X,<br><br>                Defendants. | Case No. 1:16-cv-00421-BLW<br><br>MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

Before the Court is Defendants William Shubert and Jesus Gonzalez's Motion in Limine to Exclude Medical Records, and Motion for Rule 37(c) Sanctions (Dkt. 173). The Defendants seek to exclude Plaintiff's medical records from the following:[1] 1) a January 9, 2020 visit to Southern Idaho Ophthalmology; 2) a February 5, 2020 visit to Moran Eye Center; 3) a June 3, 2020 surgical procedure at Moran Eye Center; and 4) records from Farmington Ophthalmology

---

[1] Defendants also seek to exclude medical records from 2016 and 2018. Plaintiff indicates that he will not seek to admit these records because the Court previously granted a separate motion in limine to exclude them.

**MEMORANDUM DECISION AND ORDER - 1**

dated June 9, 2020. Defendants also request attorneys' fees related to these motions as sanctions under Rule 37(c)(1) for failure to disclose information under Rule 26(e). For the reasons that follow, the Court will grant in part and deny in part the Defendants' Motion.

## BACKGROUND

Trial in this matter is set for April 26, 2021. Plaintiff alleges the remaining defendants were deliberately indifferent to his serious medical needs arising from his pre-arrest eye surgery. Plaintiff, through his previous counsel, failed to timely disclose medical records and information related to an expert resulting in the Court excluding some evidence and requiring plaintiff to pay defendants' costs for their motion to strike. *See* Dkt. 61, 126, 157.

On March 16, 2021, Plaintiff served over sixty pages of medical records on defendants. Those records included previously undisclosed medical records generated between January 2020 and June 2020. Dkt. 173-2. These include records from Farmington Ophthalmology regarding a keratoplasty surgery on Plaintiffs right eye. Plaintiff indicates he may offer these records to show his current and continuing disability and the measures he has taken to address his medical condition. Dkt. 183.

## LEGAL STANDARD

A motion *in limine* is a procedural mechanism to limit in advance testimony or evidence in a particular area. *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009). Courts have "wide discretion" in considering and ruling upon a motion *in limine*. *Trichler v. Co. of Lake*, 358 F.3d 1150, 1155 (9th Cir. 2004).

The Federal Rules of Civil Procedure require parties to provide to other parties "the name ... of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses." Fed.R.Civ.P. 26(a)(1)(A)(i). And, "[a] party who has made a disclosure under Rule 26(a) ... must supplement or correct its disclosure" in a "timely manner if the party learns that in some material respect the disclosure ... is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." *Id.* R. 26(e). A party that does not timely update its discovery under Rule 26 may not use the substance of the discovery response to supply evidence at a trial "unless the failure was substantially justified or is harmless." Id. R. 37(c)(1); *Yeti by Molly Ltd. V. Deckers Outdoor Corp.*, 259 F.3d 1101, 1105 (9th Cir. 2001). The party seeking to introduce the discovery must prove harmlessness. *Yeti by Molly,* 259 F.3d at 1107.

## ANALYSIS

Defendants argue that these records were not timely disclosed and are not relevant and should be excluded. The records are likely relevant to Plaintiffs' damages and the Court will not exclude them on this ground.

The medical records were generated between nine and fourteen months prior to Plaintiff disclosing them to Defendants. Plaintiff makes no argument that he was not in possession of these records, instead he states that the case was stayed pending the Ninth Circuit's ruling on Defendants' appeal. The Ninth Circuit entered its Opinion and Order dismissing Defendants' appeal on August 4, 2020. Yet, these records were not disclosed until seven months later and just over one month before trial.

These records relate to Plaintiff's ongoing care for his ophthalmological conditions allegedly caused by Defendants' indifference, including a keratoplasty surgery. Defendants argue they are prejudiced because they do not have time for their expert to review these records and timely respond due to the proximity of the disclosure to trial.

Defendants previously sought to exclude supplemental medical records that were disclosed between two and four months after coming into existence. The Court found these records were timely and denied Defendants' motion in limine to exclude them. Dkt. 157. Unlike the previous records, the records currently at issue

**MEMORANDUM DECISION AND ORDER - 4**

were disclosed between nine and fourteen months after they were created and seven months after the Ninth Circuit entered its order dismissing the appeal. These records were not timely disclosed. This is especially true considering the proximity to trial and Plaintiff's repeated failure to timely disclose records. Plaintiff has also not demonstrated that his failure to timely disclose these records is substantially justified nor harmless.

## ORDER

**IT IS ORDERED** that:

1. Defendants' Motion in Limine to Exclude Medical Records (Dkt. 173) is GRANTED.

2. Defendants' Motion for F.R.C.P. 37(c) Sanctions (Dkt. 173) is DENIED.

DATED: April 19, 2021

_____
B. Lynn Winmill
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 5