UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SCOTT HANSON, | Case No. 1:16-cv-00421-BLW |
| Plaintiff, | **MEMORANDUM DECISION** |
| v. | |
| BLAINE COUNTY, *et al.*, | |
| Defendants. | |

## INTRODUCTION

Trial in this matter is set for April 26, 2021. The parties submitted proposed

jury instructions and trial briefs. Following review of these documents, the Court

ordered supplemental briefing to address whether Scott Hanson's claim for

deliberate indifference should be evaluated under the Eighth or Fourteenth

Amendment. The parties have filed supplemental briefing. Dkt. 189, 190. Based on

MEMORANDUM DECISION - 1

the briefing and the record, the Court finds that Mr. Hanson's claims against the remaining defendants should be evaluated under the Fourteenth Amendment standard set out in *Gordon v. Cty. of Orange*, 888 F.3d 1118 (9th Cir. 2018).

## BACKGROUND

Mr. Hanson brings this 42 U.S.C. § 1983 action against the remaining defendants, Jesus Gonzalez and William Shubert. Hanson alleges the defendants knew of and disregarded a serious risk of harm in failing to provide him with prescription eye drops and medical attention relating to post-operative care for his eyes while he was detained in the Gooding County Jail in 2014.

In August 2014, Hanson underwent surgery for cataracts in both eyes and was prescribed prednisone eye drops. *See* Dkt. 82 at 2. On September 19, 2014, Hanson was arrested on an alleged parole violation and was not allowed to take his eye drops to jail with him. *Id.* Hanson subsequently suffered eye damage and blindness – defendants' knowledge of Hanson's condition and need for medication, and the cause of the subsequent medical issues are the subject of the trial. *See id.* at 12.

Hanson was arrested for an alleged parole violation on September 19, 2014, on an Agent's Warrant of Arrest signed by probation officer Kevin Wayt. *Olsen Dec. Ex. B*, Dkt. 189-1 at 8. Hanson was detained at the Blaine County Jail from

**MEMORANDUM DECISION - 2**

September 19 to September 22, 2014. On September 22 he was transported to the Gooding County Jail, where he was detained until being transported back to the Blaine County Jail on September 24, 2014. On September 24, a Warrant of Arrest was issued by the Commission of Pardons and Parole. *Olsen Dec. Ex. D*, Dkt. 189-1 at 29. Prior to the warrant being issued by the Commission of Pardons and Parole, Hanson had not received any hearing related to his alleged violation.

## ANALYSIS

Mr. Hanson argues that he was essentially a pretrial detainee, and thus his claims against the remaining defendants should be evaluated under the Fourteenth Amendment. Defendants argue that Hanson should be considered a convicted prisoner and his claims should be evaluated under the Eighth Amendment.

"Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions.... [T]he State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law." *City of Revere v. Massachusetts Gen. Hosp.*, 463 U.S. 239, 244 (1983) (quoting *Ingraham v. Wright*, 430 U.S. 651, 671–672, n. 40 (1977)).

The Court recognizes that the revocation of parole is not part of a criminal

prosecution, and that a parolee is not entitled to the "full panoply of rights" due to a criminal defendant awaiting trial. *Morrissey v. Brewer*, 408 U.S. 471, 480 (1972). However, revocation of probation or parole results in the loss of liberty. *Id.* Thus, the Supreme Court has held that due process requires both an initial hearing and final revocation hearing before probation or parole is revoked. *Id*. at 490; *Gagnon v. Scarpelli*, 411 U.S. 778, 782–83 (1973).

In *Sandoval v. Cty. of San Diego*, 985 F.3d 657, 662 (9th Cir. 2021), the Ninth Circuit applied the Fourteenth Amendment deliberate indifference standard established in *Gordon* to a probationer's claim of deliberate indifference. There, the probationer had been arrested during a probation compliance check for possessing methamphetamine. Unbeknownst to the arresting officers, the probationer had swallowed a significant amount of methamphetamine. The probationer died of a drug overdose and his wife sued the County and jail staff for deliberate indifference. The Ninth Circuit, without discussion, applied the Fourteenth Amendment standard to the plaintiff's claims.

Here, Hanson was arrested pursuant to an agent's warrant and was being held without a hearing. He had not received even the limited process required by the Supreme Court in *Morrisey*. Thus, the Court finds that he was a prehearing detainee and his claims against the defendants arise under the Fourteenth

**MEMORANDUM DECISION - 4**

Amendment. Accordingly, the Court will instruct the jury to evaluate Hanson's

claims under the objective deliberate indifference standard established in *Gordon*.

888 F.3d at 1124-25.

DATED: April 23, 2021

B. Lynn Winmill
U.S. District Court Judge

**MEMORANDUM DECISION - 5**