UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SCOTT HANSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BLAINE COUNTY, GENE D. RAMSEY, GOODING COUNTY, SHAUN GOUGH, IDAHO DEPARTMENT OF CORRECTIONS, KEVIN WAYT, WILLIAM SHUBERT, JESUS GONZALEZ, JUDITH PETERSON and JOHN DOES I-X,<br><br>　　　　　Defendants. | Case No. 1:16-cv-00421-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Defendants' Motion for Attorney's Fees. Dkt. 205. Plaintiff opposes the motion. Dkt. 207. For the reasons explained below, the Court will grant the motion in part and deny it in part.

## BACKGROUND

Plaintiff, Scott Hanson was arrested in Blaine County in September 2014 for an alleged parole violation. Shortly before his arrest, Hanson had cataract surgery to his right eye. Hanson alleged defendants' failure to provide medical care while

MEMORANDUM DECISION AND ORDER - 1

he was incarcerated resulted in his going blind in his right eye. It is not disputed that Hanson lost vision in his right eye after being arrested, the only issues were whether any of the defendants were indifferent or caused his injury.

Hanson sued the defendants under 42 U.S.C. § 1983 alleging violations of his Eighth and Fourteenth Amendment rights. In August 2017, this Court dismissed Hanson's claims against Defendant Wayt pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. 44. In July 2018, Defendants Blaine County, Gooding County, Gough, and Ramsey were granted summary judgment and were subsequently dismissed from the case. Dkt. 82. Defendant Peterson and Hanson reached a stipulation to dismiss her from the case in November 2019. Dkt. 164. Defendants Shubert and Gonzalez proceeded to a jury trial and eventually received a defense verdict.

## LEGAL STANDARD

A court may, in its discretion, allow the prevailing party of a 42 U.S.C. § 1983 action reasonable attorney's fees as part of the costs. 42 U.S.C. § 1988(b). Attorney's fees may be awarded to a prevailing defendant in civil rights cases only upon "a finding that the plaintiff's action was frivolous, unreasonable, or without foundation." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978). This rigorous standard applies to prevailing defendants because the "policy

considerations which support the award of fees to a prevailing plaintiff are not present in the case of a prevailing defendant." *Id.* at 418–19, (internal quotation marks omitted); see also *id.* at 422 ("To take the further step of assessing attorney's fees against plaintiffs simply because they do not finally prevail would substantially add to the risks inhering in most litigation and would undercut the efforts of Congress to promote the vigorous enforcement" of civil rights statutes).

A civil rights claim under Section 1983 is not "frivolous" merely because the "plaintiff did not ultimately prevail." *EEOC v. Bruno's Rest.*, 13 F.3d 285, 287 (9th Cir. 1993) (quoting *Christiansburg*, 434 U.S. at 421–22). If the plaintiff "made plausible arguments as to why they should prevail[,] the fact that the arguments were not successful doesn't make them frivolous." *R.P. ex rel. C.P. v. Prescott Unified Sch. Dist.*, 631 F.3d 1117, 1126 (9th Cir. 2011). When deciding a motion for attorney's fees, the plaintiff's claim must be judged at the time the complaint is filed. *Christiansburg*, 434 U.S. at 421-22. Attorney's fees may be awarded against an unsuccessful Section 1983 plaintiff only "in exceptional circumstances." *Barry v. Fowler*, 902 F.2d 770, 773 (9th Cir. 1990).

The Ninth Circuit has held that "[a] case may be deemed frivolous only when the result is obvious or the ... arguments of error are wholly without merit." *Karam v. City of Burbank*, 352 F.3d 1188, 1195 (9th Cir. 2003) (internal citation

and quotation marks omitted). A plaintiff's civil rights claim is "frivolous," under *Christiansburg*, if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The prevailing defendant "bears the burden of establishing that the fees for which it is asking are in fact incurred solely by the need to defend against those frivolous claims." *Harris v. Maricopa Cnty. Super. Ct.*, 631 F.3d 963, 971 (9th Cir. 2011).

## ANALYSIS

Applying the above standards, the Court finds that Hanson's Section 1983 claim was not "frivolous" or "wholly without merit." At the time of his complaint, Hanson had suffered a real injury – going blind in his right eye – and had alleged that Defendants' care, or lack thereof, caused his injury.

The only defendant dismissed prior to summary judgment was Defendant Wayt based on qualified immunity. Hanson's claims against defendants Gooding County, Blaine County, Gough, and Ramsey survived until summary judgment, when these defendants were dismissed. Finally, defendants Peterson, Shubert, and Gonzalez, motions for summary judgment were denied. Shubert and Gonzalez were granted a defense verdict after a full trial. The Court is well familiar with the procedural and factual history of this case. Simply put, while Hanson did not prevail against the County Defendants, his claims against them were not frivolous.

**MEMORANDUM DECISION AND ORDER - 4**

This is especially true at the time he filed his complaint.

Merely prevailing in a lawsuit does not equate to the type of exceptional circumstances necessary for the defendants to be awarded attorney's fees in this case. Therefore, the Court will not award attorney fees to the defendants for prevailing in this lawsuit.

The Court previously granted Defendants' motion for attorney fees associated with filing their motion to strike. Dkt. 84. Pursuant to that order, the Court will award Defendants' attorney fees in the amount of $1,834.00, with $1,245.00 being paid to Defendants Blaine County and Ramsey, and $589.00 being paid to Defendants Gooding County, Gough, Shubert, and Gonzalez. Dkt. 84. The Court will also order costs to be paid pursuant to Federal Rule of Civil Procedure 54(d)(1).

## ORDER

IT IS ORDERED that:

1. Defendants' Motion for Attorney's Fees (Dkt. 205) is GRANTED IN PART AN DENIED IN PART as described above.

2. Pursuant to the Court's Order (Dkt. 84), Defendants are awarded attorney fees in the amount of $1,834.00, with $1,245.00 being paid to Defendants Blaine County and Ramsey, and $589.00 being paid to Defendants Gooding

MEMORANDUM DECISION AND ORDER - 5

County, Gough, Shubert, and Gonzalez.

3. Defendants are awarded costs in the amount of $2443.46, pursuant to Federal Rule of Civil Procedure 54.

DATED: July 19, 2021

B. Lynn Winmill
U.S. District Court Judge